FILED
2018 Jan-17 PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NANCY BUTTRAM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:17-CV-0846-VEH |
| | ) |
| **CITY OF BESSEMER**, *a municipal corporation*, **and EBBONI PERDUE,** *in her official and individual capacity*, | ) ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This civil action was originally filed in the Circuit Court of Jefferson County, Alabama by the Plaintiff, Nancy Buttram, against the City of Bessemer (the "City"), and Ebboni Perdue, a police officer with the City of Bessemer police department. The Complaint also names four "fictitious defendants." The Plaintiff sets out the following counts against all Defendants: negligence (Count One); negligent supervision, hiring, and maintenance (Count Two); excessive force (Count Three), and a count entitled "Violations of 42 U.S.C. § 1983[:] False Arrest[,] False Imprisonment [,] & Unlawful Detention" (Count Four). All counts arise out of the following facts, taken directly from the Complaint:

> On or about April 5, 2015 at the Beer Garden Facility in Bessemer, Alabama, the Plaintiff was detained by Defendant Perdue in a response

to a call made from The Beer Garden Facility. That upon Defendant Perdue detaining the Plaintiff, Defendant Perdue grabbed the Plaintiff by the back of her head, slammed Plaintiff into the trunk of her vehicle and hit the Plaintiff in the back of her head with a clipboard. Moreover, after Plaintiff was detained, Plaintiff was not secured in the patrol car unit in which she was traveling in as she was being transported to the Bessemer City Jail. As a result of Plaintiff being unsecured, Defendant Perdue on multiple occasion while traveling slammed on her brakes causing the Plaintiff to slam her head against the police vehicle glass shield. After said arrival to the Bessemer Jail, Defendant Perdue shoved the Plaintiff thereby causing her to fall and hit her head against an object inside of the jail cell.

(Doc. 1-2 at 3, ¶7).

The case was removed to this Court on May 22, 2017. (Doc. 1). After removal, Office Purdue filed an Answer to Counts One and Three. (Doc. 8). Thereafter, both Defendants filed a Motion To Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the Complaint failed to state a claim upon which relief may be granted. (Doc. 5). That Motion is before the Court now. In it, Officer Price seeks dismissal of Counts Two and Four, and the City seeks dismissal of all Counts. Also before the Court is the Defendants' Motion To Strike the fictitious parties. (Doc. 7). For the reasons stated herein, the Motion To Strike will be **GRANTED** and the Motion To Dismiss will be **GRANTED in part** and **DENIED in part.**

I.      THE MOTION TO STRIKE (DOC. 7)

The Eleventh Circuit has stated:

> As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n. 1 (11th Cir.1997). We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir.1992).

*Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). In the caption of the Complaint, the "fictitious defendants" are described as follows:

> A, whether singular or plural, being the correct legal name of the entity known only to the Plaintiffs [sic] as the City of Bessemer; B, whether singular or plural, being any officer in the police vehicle who or assisted in unlawful detention and arrest of the Plaintiff which made the basis of this lawsuit, or any component part thereof; C, whether singular or plural, that individual, entity or entities who negligence, wantonness or other wrongful conduct caused or contributed to cause the injuries and damages complained herein; D, whether singular or plural, being that entity or individual who are or which is or are successor in interest of any of the Defendants name or described herein[.]

(Doc. 1-2 at 1). In the body of the Complaint, they are described as follows:

> Fictitious Defendant A, B, C, and D are those individuals, entities, corporations or partnerships who are not known at this time, but will be added by amendment when ascertained including one of the following:
>
> a. Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to the Plaintiff as herein alleged;
>
> b. Parties that are the agents, servants, employees, employers, and/or contractors of the Defendant, each of them acting within the course and scope of their agency, employment or contract[.]

(Doc. 1-2 at 3, ¶4). The quoted passages do not describe <u>specific</u> individuals or entities

3

who are responsible for the alleges injuries to the Plaintiff. The fictitious defendants will be **STRICKEN**.

## II. THE MOTION TO DISMISS (DOC. 5)

### A. <u>Standard</u>

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by

showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

**B. <u>Analysis</u>**

**1. *Negligence (Count One)***

As noted above, only the City moves to dismiss this Count. Count One alleges that

> The named Defendant[s] and Fictitious Defendants "A", "B", "C", and "D" negligently, carelessly, recklessly, willfully, and wantonly committed tortious and harmful acts against the Plaintiff thereby causing her to suffer injuries.

(Doc. 1-2 at 3, ¶7). To the extent that this count, despite being labeled "Negligence," actually seeks to hold the City liable for "willful" and "wanton" conduct, it is due to be dismissed. *See*, *Ex Parte Labbe*, 156 So. 3d 368, 374 (Ala. 2014) (noting that "the City cannot be held liable for wanton or intentional conduct"); *Ex parte City of Bessemer*, 142 So. 3d 543, 550 (Ala. 2013) (no exception to "the general rule of municipal immunity from liability in the case of intentional or malicious actions by the agents or officers of the municipality"). However, the Alabama Supreme Court has

noted that:

> [Ala. Code] § 11–47–190 creates an exception to the general rule of immunity for municipalities . . . when a plaintiff has suffered injury as a result of "the neglect, carelessness or unskillfulness" of some agent, or when the plaintiff suffers injury as a result of the "neglect or carelessness or failure to remedy some defect" in public works caused by a third party.

*Ex parte City of Bessemer*, 142 So. 3d at 550. Although the City argues that "[t]his claim seems to have been made only against Officer Perdue . . ." (doc. 6 at 5), the allegations in Count One can fairly be read to state a claim against the City which falls under Ala. Code §11-47-190.

The City's only basis for dismissal of the negligence claims in Count One is that the Plaintiff failed to comply with the jurisdictional prerequisites to filing suit against a municipality found in Ala. Code §§ 11-47-24 and 11-47-192.[1] (*See* doc. 6 at 6-8). That is, the City argues that the Plaintiff failed present to the City's clerk a sworn statement of claim. However, the Complaint clearly alleges that such a claim was filed "within the time frame required." (*See* doc. 1-2 at 3, ¶6). Although the Complaint states

---

[1] In its reply brief, the City argues the plausibility standards from *Twombly* and *Iqbal,* stating that because "the claims in Count One do not appear to have been made against the City of Bessemer," the "[C]omplaint does not sufficiently plead facts allowing for the 'reasonable inference that the [City] is liable for the misconduct alleged.'" (Doc. 11 at 3) (quoting *Iqbal* 556 U.S. at 678). Although the City argued in its initial brief that Count One did not seem to be made against it, it did not argue that the facts as set out in the Complaint did not "plausibly" set out a claim. This new argument, raised for the first time in the City's reply brief, will not be considered. *See*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (arguments raised for the first time in a reply brief are not properly before a reviewing court). Additionally, the Court concludes that the facts set out in the Complaint plausibly support Count One.

that the claim itself is attached to the Complaint as "Exhibit A," it is not. Regardless, the Complaint <u>alleges</u> that the requirement was satisfied, and the Plaintiff has produced the claim in response to the Motion To Dismiss. (Doc. 9 at 15-18).[2] Count One will not be dismissed to the extent that it brings negligence claims against the City. However, any claims against the City in such count for "willful" or "wanton" conduct will be dismissed with prejudice.

### 2. *Negligent Hiring, Training, and Supervision (Count Two)*

#### a. **Officer Perdue's Motion**

Both Defendants move to dismiss this claim. Although this claim is brought against "the named Defendants," Officer Perdue cannot be liable for negligently hiring, training, and supervising <u>herself</u>. Furthermore, no facts are alleged which plausibly support such a claim. To the extent that the Plaintiff intended to bring this claim against Officer Perdue, it will be dismissed with prejudice.

#### b. **The City's Motion**

The City argues that this claim is not cognizable against a municipality under Alabama law. Indeed, "'no Alabama court has expressly recognized a cause of action

---

[2] In response, the City "reserve[s] its right to argue that [the claims against it] should be dismissed due to the [claim] having failed to legally comply with the requirements of §§11-47-23, -192." (Doc. 11 at 4, n. 2). "Reserved" it may be, but that argument is not before the Court in the instant motion and will not be addressed at this time.

7

against a municipality for a supervisor's negligent training or supervision of a subordinate.'" *Barr v. Jefferson Cty. Barber Comm'n*, 250 F. Supp. 3d 1245, 1258 (N.D. Ala. 2017) (Hopkins, J.) (quoting *Borton v. City of Dothan*, 734 F.Supp.2d 1237, 1258–59 (M.D. Ala. 2010) (Watkins, J.)). The Plaintiff cites authority <u>only</u> for the recognition of such conduct in the context of a <u>section 1983 claim</u>. (*See* doc. 9 at 7) (citing *Owens v. City of Fort Lauderdale*, 174 F. Supp. 2d 1298, 1310 (S.D. Fla. 2001) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989)). Furthermore, no facts are alleged which plausibly establish such a claim in this count. Count Two will be dismissed as to the City.[3]

### 3. *Excessive Force (Count Three) and False Arrest, False Imprisonment, and Unlawful Detention (Count Four)*

#### a. **The City's Motion**

The City moves to dismiss Counts Three and Four. Although not clearly set out in the Complaint, in her response to the Motion To Dismiss, the Plaintiff makes it clear that the claims in these two counts allege a violation of 42 U.S.C. § 1983. The Eleventh Circuit has stated:

> A municipality may be liable under § 1983 for the actions of its police officers only if the municipality is "found to have itself caused the constitutional violation at issue; it cannot be found liable on a vicarious

---

[3] To the extent that Count Two can be read to allege a section 1983 claim against the City, it is due to be dismissed for the reasons set out in the next section of this opinion.

liability theory." *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1145 (11th Cir.2007). "It is only when the execution of the government's policy or custom ... inflicts the injury that the municipality may be held liable under § 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir.1998) (internal quotation marks omitted). Thus, to establish municipal liability under § 1983, the plaintiff must show that: (1) his constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights, and (3) the policy or custom caused the violation of his constitutional rights. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir.2004). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir.2005). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id*.

"In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell*, 392 F.3d at 1290. And "state and local positive law determine whether a particular official has final policymaker authority for § 1983 purposes." *Cooper*, 403 F.3d at 1221 (quotation marks omitted).

*Ludaway v. City of Jacksonville, Fla.,* 245 F. App'x 949, 951 (11th Cir. 2007).

The Complaint fails to allege any facts supporting a plausible inference that a municipal policy, custom, or practice caused the Plaintiff's injuries.[4] Indeed, in her response to the Motion To Dismiss, the Plaintiff confirms that these facts are not pled because "there has not been sufficient time allowed for the mandatory disclosures and

---

[4] Indeed, the words "policy" and "custom" appear nowhere in the Complaint. The word "practice" appears only once, on the first page of the Complaint, in the following sentence: "Through its agents, the City of Bessemer is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments, and employees." (Doc. 1-2 at 1, ¶3). No facts are alleged as to which "practices" caused the Plaintiff's injuries.

discovery requests for Plaintiff . . .to assess whether said Defendant has any history, policy and or customs." (Doc. 9 at 10). However, "'[a] litigant may not use discovery to determine whether there is a cause of action. The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.'" *Miller v. MP Glob. Prod., LLC*, No. CIV.A. 12-00747-KD-N, 2014 WL 1017887, at *4 n.5 (S.D. Ala. Mar. 17, 2014) (Nelson, M.J.) (quoting *Hughes v. LaSalle Bank, N.A.*, No. 02Civ.6384MBMHBP, 2004 WL 414828 (S.D.N.Y. Mar.4, 2004) (Pollack, J.)); *see also*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015) (dismissing section 1983 claim for failure to contain "sufficient, non-conclusory allegations that there is an official 'policy or custom'"). Counts Three and Four, to the extent that they are brought against the City, will be dismissed.[5]

### b. Officer Perdue's Motion

Officer Perdue moves to dismiss Count Four. The Supreme Court has stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by

---

[5] As to the City, Count Four is also due to be dismissed pursuant to the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994), discussed *infra*.

> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (footnote omitted). The Plaintiff's claims under section 1983 for False Arrest, False Imprisonment, and Unlawful Detention all arise out of conduct for which she was convicted. The Plaintiff admits that these charges are "still pending," and thus her convictions have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, her claims are not cognizable under section 1983. Count Four is due to be dismissed as to Officer Purdue.

### III. CONCLUSION

For the reasons stated herein, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1. The Motion To Strike is **GRANTED**. All fictitious defendants are **STRICKEN**.

2. The Motion To Dismiss is **GRANTED in part**.

    a. The City's Motion is **GRANTED** and Count One is **DISMISSED WITH PREJUDICE** as to any claims it based on "willful" or

11

"wanton" conduct.

b. The City's Motion is **DENIED** as to any claims in Count One based on "negligence."

c. Officer Perdue's Motion is **GRANTED** as to Count Two and any claims against her in this count are **DISMISSED WITH PREJUDICE**.

d. The City's Motion is **GRANTED** as to Count Two and any claims against it in this count are **DISMISSED WITH PREJUDICE**.

e. The City's Motion is **GRANTED** as to Counts Three and Four and any claims against it in these counts are **DISMISSED WITHOUT PREJUDICE**.

f. Officer Perdue's Motion is **GRANTED** as to Count Four and any claims against her in this count are **DISMISSED WITHOUT PREJUDICE**.

3. Except as otherwise set out herein, the motions to dismiss are **DENIED**.

**DONE** and **ORDERED** this 17th day of January, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge